IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:18 CV 261

| | |
|---|---|
| SHANNON ROSENBLOOM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | MEMORANDUM AND |
| ) | RECOMMENDATION |
| DEE HUNLEY, KAREN REID, and HAND ) | |
| AND STONE MASSAGE AND FACIAL ) | |
| SPA, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter is before the Court on a Motion to Dismiss by Defendants Dee Hunley and Karen Reid (Doc. 7) and a Motion to Dismiss by Defendant Hand and Stone Massage and Facial Spa (Doc. 10).[1] The Motions have been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B). The issues have been fully briefed, and the matter is now ripe for ruling. Following a review of the parties' submissions and applicable authorities, and for the reasons addressed below, the undersigned recommends that the Motions to Dismiss be granted.

I.  **Procedural Background**

Plaintiff, proceeding *pro se*, initiated this employment discrimination action on September 12, 2018. See Compl. (Doc. 1). Plaintiff also filed a motion to proceed *in forma*

---

[1] This Defendant's filings indicate that its corporate name is H&S Asheville South LLC d/b/a Hand and Stone Massage and Facial Spa. See e.g. Answer to Plaintiff's Complaint (Doc. 9) at 1. Therefore, it is referred to herein as H&S Asheville.

*pauperis*, which was granted.  See (Doc. 3).

On November 26, 2018, Hunley and Reid filed their Motion to Dismiss (Doc. 7) and a Memorandum in Support (Doc. 8).

The same day, H&S Asheville filed its Answer (Doc. 9).

On December 20, 2018, H&S Asheville filed its Motion to Dismiss (Doc. 10) and a Memorandum in Support (Doc. 11).[2]

On March 5, 2019, the Court advised Plaintiff regarding the pending motions and extended the deadline for Plaintiff to respond.

Plaintiff filed a timely response (Doc. 14), and Defendants replied (Doc. 15).

## II. Factual Background

Viewing Plaintiff's Complaint in the light most favorable to her, the facts appear to be as follows:

Plaintiff was an employee of H&S Asheville.  Compl. (Doc. 1) at 3.  Plaintiff's Complaint does not describe the business of H&S Asheville, but the undersigned will presume its assumed name is self-explanatory.

Hunley was the spa manager, and Reid was a "spa associate."  Id. at 2.

Plaintiff alleges that she was discriminated against in October and November of 2017 in the following ways:  (1) Plaintiff's employment was terminated; (2) her disability

---

[2] Motions pursuant to Rule 12(b) are to be made before a pleading is filed. The Motion to Dismiss by H&S Asheville was not filed prior to, or included with, its Answer. Therefore, the undersigned will consider that motion to be a motion for judgment on the pleadings under Rule 12(c). See Eley v. Harders, No. 2:17-CV-59-D, 2018 WL 3551379, at *1 (E.D.N.C. July 23, 2018); Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999).

was not accommodated; (3) there were unequal terms and conditions of her employment; (4) she was retaliated against; (5) she was kicked and told to "stay in the back"; (6) her name was slandered; and (7) her service dog was kicked out, and proof was demanded that the animal was a service dog. Id. at 3, 4, 6.

Plaintiff alleges that this discrimination was directed toward her because of her disability. In particular, Plaintiff describes herself as being mentally disabled and suffering from bipolar disorder, type I; borderline personality disorder; and psychotic tendencies. Id. at 4.

After Plaintiff's employment was terminated, she "went into psychosis" and was admitted to a psychiatric ward. Id. at 6.

On June 7, 2018, Plaintiff filed a Charge of Discrimination ("Charge") with the Equal Employment Opportunity Commission ("EEOC").[3] Id. at 5.

The EEOC issued a Notice of Right to Sue letter, which Plaintiff received on June 12, 2018. Id.

Plaintiff brings this employment action pursuant to the Americans with Disabilities

---

[3] Plaintiff alleges in her Complaint that it is her best recollection that she filed her Charge "in December of 2017." Compl. at 5. However, a copy of the Charge itself, which has been submitted by H&S Asheville, shows that it was digitally signed by Plaintiff at 4:34 p.m. on June 7, 2018. Def's. Mem. (Doc. 11) Ex. A at 11. "In a Rule 12(c) motion, the court may consider the complaint, answer, and any materials attached to those pleadings or motions for judgment on the pleadings so long as they are integral to the complaint and authentic." Lafayette Life Ins. Co. v. Cole, No. 3:17-CV-00561-RJC-DCK, 2018 WL 4705561, at *2 (W.D.N.C. Oct. 1, 2018) (internal quotation marks omitted) (citing Philips v. Pitt Cty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009)). Further, the court is not required to accept allegations that "contradict matters properly subject to judicial notice or by exhibit." Massey v. Ojaniit, 759 F.3d 343, 353 (4th Cir. 2014) quoting Blankenship v. Manchin, 471 F.3d 523, 529 (4th Cir.2006) (internal quotation marks omitted).

Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117 ("ADA"). Id. at 3.

## III. Legal Standards

In a motion made pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the central issue is whether the complaint states a plausible claim for relief. See Francis v. Giacomelli, 588 F.3d 186, 189 (4th Cir. 2009). In that context, the court accepts the allegations in the complaint as true and construes them in the light most favorable to the plaintiff. Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 253 (4th Cir. 2009); Giacomelli, 588 F.3d at 192. The court, however, is not required to accept "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement." Consumeraffairs.com, 591 F.3d at 255; see Giacomelli, 588 F.3d at 192.

Claims need not contain "detailed factual allegations," but must contain sufficient factual allegations to suggest the required elements of a cause of action. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007); see Consumeraffairs.com, 591 F.3d at 256. "[A] formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. Nor will mere labels and legal conclusions suffice. Id. Federal Rule of Civil Procedure 8 "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

The complaint is required to contain "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570; see Consumeraffairs.com, 591 F.3d at 255. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678; accord Consumeraffairs.com, 591 F.3d at 255. The mere

4

possibility that a defendant acted unlawfully is not sufficient for a claim to survive a motion to dismiss. Consumeraffairs.com, 591 F.3d at 256; Giacomelli, 588 F.3d at 193. Ultimately, the well-pled factual allegations must move a plaintiff's claim from possible to plausible. Twombly, 550 U.S. at 570; Consumeraffairs.com, 591 F.3d at 256.

The standard applied to motions made pursuant to Rule 12(c) is the same as for motions made under Rule 12(b)(6). See Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999).

## IV. Discussion

Pleadings filed by a *pro se* litigant, such as Plaintiff, are liberally construed and held to a less stringent standard than pleadings drafted by counsel. Erickson v. Pardus, 551 U.S. 89, 94 (2007). At the same time, "judges are not also required to construct a party's legal arguments for him." Small v. Endicott, 998 F.2d 411, 417-18 (7th Cir.1993) (internal citation omitted).

### A. Motion by Dismiss by Hunley and Reid

Initially, Hunley and Reid argue that because there is no individual liability under the ADA, Plaintiff fails to state a claim against them. Defs.' Mem. (Doc. 8) at 3-4. The undersigned agrees. Jones v. Sternheimer, 387 F. App'x 366, 368 (4th Cir. 2010) ("[T]he ADA . . . do[es] not provide for causes of action against defendants in their individual capacities."); see also Baird ex rel. Baird v. Rose, 192 F.3d 462, 472 (4th Cir. 1999) (holding that individuals are not subject to liability under the ADA).

Hunley and Reid also argue that Plaintiff's Complaint fails to describe conduct by them that would support a claim. Defs.' Mem. (Doc. 8) at 4-6. A review of Plaintiff's

5

brief Complaint reveals that she has not alleged specific actions by Hunley or Reid. A plaintiff must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Twombly, 550 U.S. at 555.

For these reasons, the undersigned will recommend that Plaintiff's claims against Hunley and Reid be dismissed.

### B. Motion to Dismiss by H&S Asheville

H&S Asheville makes the following arguments: 1) that Plaintiff has failed to meet the administrative prerequisites for her alleged claims, 2) that her Complaint fails to state a claim against H&S Asheville, and 3) that Plaintiff has failed to serve H&S Asheville properly. Def.'s Mem. (Doc. 11) at 3-8.

As to the second argument, the undersigned does not recommend dismissal on this basis. Though the allegations are sparse, Plaintiff has alleged that she was discriminated against in certain ways and that this discrimination was based on her disability.

In its third argument, H&S Asheville contends that "[p]ursuant to Rule 12(b)(4), FRCP, Plaintiff failed to properly serve H&S, therefore this case must be dismissed for insufficient service of process." A defense of insufficient service of process, however, is raised under Rule 12(b)(5). Further, the record contains at least some indication that Jefferson Bell, who is identified by H&S Asheville as being its registered agent, had some knowledge of the suit.

The deficiency pointed out by H&S Asheville's first argument, though, is fatal to Plaintiff's claim. This argument essentially has two sections—first, that Plaintiff filed her Charge with the EEOC in an untimely manner and second, that to the extent Plaintiff now

6

attempts to assert claims that were not included in her Charge, the court lacks jurisdiction over such claims.  Def.'s Mem. (Doc. 11) at 3-4.

"The ADA incorporates the administrative enforcement provisions of Title VII of the Civil Rights Act of 1964[.]" Williams v. N.C. Administrative Office of Courts, No. 4:18-CV-63-D, 2018 WL 6345367, at *2 (E.D.N.C. Dec. 4, 2018); accord Thweatt v. Brennan, No. 3:18CV574-HEH, 2019 WL 459701, at *3 (E.D. Va. Feb. 5, 2019).

A plaintiff must file an EEOC charge within 180 days of each alleged ADA violation.  See 42 U.S.C. §§ 2000e-5(e)(1), 12117(a).  Failure to file a timely charge with the EEOC bars a claim in federal court.  McCullough v. Branch Banking & Trust Co., 35 F.3d 127, 131 (4th Cir. 1994) ("When the plaintiff fails to file such a complaint in a timely fashion with the EEOC, the claim is time-barred in federal court.").

A defense that a plaintiff has failed to file an EEOC charge in a timely manner does not raise an issue of subject matter jurisdiction, but rather is similar to a statute of limitations defense. Id.; Butts v. New York Dep't of Hous. Preservation & Dev., 990 F.2d 1397, 1401 (2d Cir.1993); Jarrell v. United States Postal Serv., 753 F.2d 1088, 1091 (D.C.Cir.1985) (holding that the EEOC filing requirements "are not jurisdictional prerequisites to suit, but are more 'like a statute of limitations'") (quoting Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393, 102 S. Ct. 1127, 1132, 71 L.Ed.2d 234 (1982)).

Consequently, a claim based on an untimely charge may be dismissed for failure to state a claim.  Parham v. Mid Atl. Baking Co., LLC, No. CIV. WDQ-11-0185, 2011 WL 4527311, at *2 (D. Md. Sept. 26, 2011), aff'd sub nom. Parham v. Mid Atl. Baking Co., 459 F. App'x 231 (4th Cir. 2011).

In this case, Plaintiff asserted in her Charge that the last allegedly discriminatory act by H&S Asheville occurred on November 9, 2017, the day she was discharged. Def's Mem. (Doc. 11) Ex. A at 11. Similarly, Plaintiff's Complaint alleges that the discriminatory acts occurred in "October and November 2017." Compl. (Doc. 1) at 4. Therefore, Plaintiff was required to file any charge within 180 days of November 9, 2017, or by May 8, 2018. Plaintiff, however, did not file her Charge until June 7, 2018. See Def's Mem. (Doc. 11) Ex. A at 11. The EEOC then dismissed it on June 12, 2018, as being untimely. See Compl. (Doc. 1). Plaintiff's failure to file a timely charge with the EEOC now bars her federal claim.[4]

With regard to the second portion of this argument - that Plaintiff's federal suit exceeds the scope of her charge - H&S Asheville is correct that "a federal court may only consider those allegations included in the EEOC charge," Balas v. Huntington Ingalls Indus., Inc., 711 F.3d 401, 407 (4th Cir. 2013). The undersigned, however, does not read Plaintiff's Complaint as attempting to assert claims not included in her EEOC Charge.

---

[4] Though not raised by H&S Asheville, it appears that the filing of Plaintiff's Complaint occurred more than 90 days after her receipt of her right-to-sue letter. See Banner v. Morris, No. 1:05CV01156, 2006 WL 2569080, at *1 (M.D.N.C. Aug. 30, 2006) ("A court can dismiss a case for failure to file within the ninety-day window under Rule 12(b)(6).").

**V.     Conclusion**

Considering the foregoing, the undersigned RECOMMENDS the following:

1. That the Motion to Dismiss (Doc. 7) by Dee Hunley and Karen Reid be **GRANTED** and that Plaintiff's claims against Hunley and Reid be **DISMISSED WITH PREJUDICE**; and,

2. That the Motion to Dismiss (Doc. 10) by H&S Asheville (construed as being a Motion for Judgment on the Pleadings) be **GRANTED** and that Plaintiff's claims against H&S Asheville be **DISMISSED WITH PREJUDICE.**

Signed: April 9, 2019

W. Carleton Metcalf
United States Magistrate Judge

## **Time for Objections**

The parties are hereby advised that, pursuant to Title 28, United States Code, Section 636(b)(1)(C), and Federal Rule of Civil Procedure 72(b)(2), written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen** (**14**) days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the presiding District Judge will preclude the parties from raising such objections on appeal. See Thomas v. Arn, 474 U.S. 140, 140 (1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).