THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:18-cv-00261-MR-WCM

SHANNON ROSENBLOOM,          )
                              )
            Plaintiff,        )
                              )
    vs.                       )    **O R D E R**
                              )
DEE HUNLEY, KAREN REID, and   )
HAND AND STONE MASSAGE AND    )
FACIAL SPA,                   )
                              )
            Defendants.       )
_____)

**THIS MATTER** is before the Court on the Defendants' Motions to Dismiss [Docs. 7, 10]; the Magistrate Judge's Memorandum and Recommendation [Doc. 16] regarding the disposition of those motions; the "Conditional" Objections to the Memorandum and Recommendation filed the Defendant H&S Asheville South, L.L.C., d/b/a Hand and Stone Massage and Facial Spa ("H&S") [Doc. 17]; and the Plaintiff's "Responses to H&S's Condition[al] Objections to Memorandum and Recommendation [Doc. 23].[1]

---

[1] The Motion to Dismiss filed by H&S contains defenses and arguments for dismissal that were not addressed by the Magistrate Judge in the Memorandum and Recommendation. H&S submitted its "conditional" objections in order to preserve such arguments and defenses, and the Plaintiff has responded to such objections. Because the Court accepts the Magistrate Judge's Memorandum and Recommendation on the grounds as stated

Pursuant to 28 U.S.C. § 636(b) and the standing Orders of Designation of this Court, the Honorable W. Carleton Metcalf, United States Magistrate Judge, was designated to consider the Defendants' motions and to submit a recommendation for their disposition.

On April 9, 2019, the Magistrate Judge filed a Memorandum and Recommendation in this case containing conclusions of law in support of a recommendation regarding the motions to dismiss. [Doc. 16]. The parties were advised that any objections to the Magistrate Judge's Memorandum and Recommendation were to be filed in writing within fourteen (14) days of service. Defendant H&S timely filed its "Conditional" Objections on April 23, 2019. [Doc. 17]. The Plaintiff, who is *pro se*, did not file objections to the Memorandum and Recommendation, nor did she file a reply to the "Conditional" Objections filed by H&S. On May 22, 2019, the Court entered an Order accepting the Memorandum and Recommendation and dismissing this action. [Doc. 18]. A Clerk's Judgment was entered that same day. [Doc. 19].

On June 6, 2019, the Plaintiff filed a motion for reconsideration of the Order dismissing her case. [Doc. 21]. The Court granted the Plaintiff's

---

therein, the Court need not address the objections asserted by H&S or the responses thereto filed by the Plaintiff.

motion on June 24, 2019, and gave her fourteen (14) days within which to file objections to the Memorandum and Recommendation. [Doc. 22]. The Plaintiff filed her "Responses to H&S's Condition[al] Objections" on July 8, 2019. [Doc. 23].

In her filing, the Plaintiff objects to the Magistrate Judge's proposed conclusion that her failure to file a timely EEOC charge now bars her federal claim. She contends that she "originally filed a complaint with the EEOC on time immediately after" she was terminated in November 2017. [Doc. 23 at 1]. The Plaintiff's Charge of Discrimination, however, indicates that it was digitally signed by the Plaintiff at 4:34 p.m. on June 7, 2018. [See Doc. 11-1 at 11]. While the Plaintiff refers to this Charge as her "second discrimination complaint," [Doc. 23 at 2], there is nothing in the record before the Court to show that a charge of discrimination was filed any earlier than June 7, 2018. In fact, the documents presented by the Plaintiff in support of her objection – her right-to-sue letter and the Notice of Charge [Docs. 23-1, 23-2] – make no reference to any earlier filed charge. The record is clear that the Plaintiff's Charge of Discrimination was filed on June 7, 2018, well

beyond the 180-day time limit. This untimely filing now bars her federal claims.[2]

The remainder of the Plaintiff's filing consists of responses to H&S's "Conditional" Objections. Because the Court accepts the Memorandum and Recommendation on the grounds stated, the Court need not address H&S's "Conditional" Objections or the Plaintiff's responses thereto.

After careful consideration of the Memorandum and Recommendation and the parties' Objections thereto, the Court finds that the Magistrate Judge's proposed conclusions of law are correct and consistent with current case law. Accordingly, the Court hereby accepts the Magistrate Judge's recommendation that the motions to dismiss should be granted on the grounds stated.

**IT IS, THEREFORE, ORDERED** that the parties' Objections to the Memorandum and Recommendation [Docs. 17, 23] are **OVERRULED**; the Memorandum and Recommendation [Doc. 16] is **ACCEPTED**; the Defendants' Motions to Dismiss [Doc. 7, 10] are **GRANTED**; and the

---

[2] The Plaintiff also argues that, regardless of the timing of her claim, the letter provided to her by the EEOC on June 12, 2018, authorized her to file an action based on this charge in federal or state court. [Doc. 23 at 2]. While the receipt of the right-to-sue letter may have enabled her to file this action, it does not remedy the untimeliness of the underlying charge.

Plaintiff's claims against the Defendants are hereby **DISMISSED WITH PREJUDICE**.

The Clerk of Court is respectfully directed to close this case.

**IT IS SO ORDERED.**

Signed: July 10, 2019

Martin Reidinger
United States District Judge